SLIP OPINION

Cite as 2017 Ark. 253

# SUPREME COURT OF ARKANSAS
No. CR–16–1145

| | |
|---|---|
| TROZZIE LAVELLE TURNER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered: September 21, 2017<br><br>APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT<br>[NO. 14CR-2006-79-5]<br><br>HONORABLE DAVID W. TALLEY, JR., JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

This appeal involving an allegation of ineffective assistance of counsel returns to us after we remanded for more specific findings. In the first appeal, Trozzie Turner, who was convicted of multiple drug offenses, argued that his defense counsel should have moved to dismiss the charges based on a speedy-trial violation. *See Turner v. State*, 2016 Ark. 96, 486 S.W.3d 757. We affirmed on a separate allegation but remanded for "specific findings as to which periods of delay are excludable under our speedy trial rules." *Id.* at 8–9, 486 S.W.3d at 763. Upon remand, the circuit court found that sufficient excludable time periods should be charged against Turner such that no speedy-trial violation occurred. Accordingly, the court ruled, defense counsel was not ineffective for failing to move to dismiss the charges on that ground. Turner now appeals this finding. We affirm.

We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the petitioner must first show that counsel's performance was deficient. *Feuget*

*v. State*, 2015 Ark. 43, 454 S.W.3d 734. This requires a showing that counsel made errors so serious that counsel deprived the petitioner of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id*. Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. *Id*. Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*.

On remand, the circuit court held that the first prong of the *Strickland* test was not met and once again denied relief. The court determined that counsel's failure to raise a speedy-trial argument was not deficient because there was no speedy-trial violation. We do not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. "A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *State v. Barrett*, 371 Ark. 91, 95, 263 S.W.3d 542, 545 (2007).

Arkansas Rules of Criminal Procedure 28.1 and 28.2(a) require the State to bring a defendant to trial within twelve months, excluding periods of delay specified in Ark. R. Crim. P. 28.3(c). Rule 28.3 provides a period of delay resulting from a continuance granted at the request of the defendant or his counsel will be excluded in computing the time for trial. It further states that "[a]ll continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the

continuance is granted until such subsequent date contained in the order or docket entry granting the continuance."

The record reflects that Turner was arrested on March 9, 2006, and his trial was held on October 8, 2008, or 944 days after his arrest, and 581 days in excess of one year.[1] Thus, as we noted in the first appeal, "if trial counsel had moved for a dismissal, he would have made a prima facie showing of a violation of the rule, and the burden would have shifted to the State to show good cause for the delay." *Turner*, 2016 Ark. 96, at 7, 486 S.W.3d at 762 (citing *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001)). Thus, whether counsel was ineffective for failing to raise the issue first depends on whether the State would have been able to prove that there were excluded periods sufficient to bring appellant's trial within the one-year period, which in this case would be 581 days. *Id.*

Turner argues that three of the continuances granted by the trial court did not establish a basis for tolling speedy trial. Turner's defense counsel, David Price, testified that he sought every continuance. Turner also acknowledges that delays resulting from continuances given at the request of defense counsel are excluded in calculating the time for a speedy trial. Rather, he argues that certain time periods following his request for a continuance are not excludable because neither the order nor the docket entry granting these continuances continued the case to a day certain.

---

[1] When this case started, the Rules provided that the speedy-trial clock began "from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody . . . for the same offense . . . then the time for trial shall commence running from the date of arrest." Ark. R. Crim. P. 28.2(a) (2006). The parties stipulated that Turner was arrested on March 9, 2006, and it is undisputed that the speedy-trial period commenced on that date.

The first contested order was entered on April 25, 2007; it stated that "[t]he period of time from May 10, 2007, until the date of defendant's jury trial in this matter shall be an excludable period for the purposes of speedy trial." The second order was dated August 22, 2007; it provided that "[f]or the purposes of speedy trial, the time from August 22, 2007, until the date that the new trial is set shall be excludable for speedy trial purposes." The third order was dated November 13, 2007, and it likewise excluded the time period from that date "until the date that the new trial is set."

Turner maintains that Rule 28.3 requires an order granting a continuance to include an actual date, rather than a to-be-determined trial date. We have not interpreted Rule 28.3 in this manner. Turner's primary authority for this argument is *Bradford v. State*, 329 Ark. 620, 953 S.W.2d 549 (1997). In that case, we reversed and dismissed a defendant's conviction because his right to speedy trial had been violated. The primary flaw there was poor record keeping by the circuit court. Many continuances were granted without attributing the delay to the defendant; indeed, in some instances the order granting the continuance was absent from the record. "[S]ince the record contains no copy of the order . . . the contemporaneous record does not demonstrate that [the] delay . . . was attributable to the appellant." *Id.* at 624, 953 S.W.2d at 551.

No similar flaw exists here. Each order stated that the period following the continuance until the date a trial was set would be an excluded period under the Arkansas Rules of Criminal Procedure. It is also undisputed that each continuance was granted at Turner's request. Contrary to Turner's argument, the failure to continue the proceedings until a date certain does not result in automatic reversal. *See Standridge v. State*, 357 Ark.

105, 117, 161 S.W.3d 815, 821 (2004). "[W]hen a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Rule 28.3." *Id.* at 117, 161 S.W.3d at 821; *Miles v. State*, 348 Ark. 544, 75 S.W.3d 677 (2002). The circuit court found that defense counsel was not deficient for failing to raise a speedy-trial argument when defense counsel requested all continuances "with consent of the defendant and those continuances with agreed excludable periods amounted to over 581 days." We cannot find that the circuit court's decision that defendant failed to meet the first prong of *Strickland* was clearly erroneous.

Affirmed.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Rebecca Kane*, Ass't Att'y Gen., for appellee.