Donnie HICKS *v.* STATE of Arkansas

CR 90-268                                        808 S.W.2d 348

Supreme Court of Arkansas
Opinion delivered May 6, 1991

*Burbank, Dodson, & McDonald*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Donnie Hicks, was convicted of both leaving the scene of an accident involving death and manslaughter. He was sentenced to nine years and twenty years imprisonment, respectively, and fined $10,000 for each offense.

Hicks' first argument on appeal is that he was denied a speedy trial. He contends the trial court erred in continuing his case due to a crowded court docket without a showing of exceptional circumstances and, furthermore, that such circumstances were not stated in an order continuing the case or on the docket prior to the expiration of the speedy trial period as required by Ark. R. Crim. P. 28.3. Since we find merit in this argument, we decline to address Hicks' remaining arguments concerning insufficiency of the evidence and the denial of his motion in limine.

The case is reversed and dismissed, based on the denial of Hicks' right to a speedy trial.

On April 1, 1989, Hicks was involved in an automobile

accident in which the driver of the other vehicle died at the scene. Hicks walked away from the accident and was arrested for this offense later that day. He was subsequently incarcerated and charged with violations of Ark. Code Ann. §§ 27-53-101 and 5-10-104 (1987). It is agreed, by all parties, that the time for speedy trial purposes began running on April 1, 1989, the date of Hicks' arrest. *See* Ark. R. Crim. P. 28.2(a).

The record provides the following scenario:

*March 14, 1990.* Trial was scheduled; however, the trial court discovered a scheduling conflict on March 13, 1990, and notified the State that the case would need to be continued. The only reference, found in the record, concerning the trial court's decision to continue Hicks' case is the following letter, written by Hicks' attorney and addressed to the Prosecutor, Jeff Rogers. It is dated March 13, 1990.

> Dear Jeff:
>
> This letter shall serve to confirm our telephonic conversation on this date that the above captioned matter has been continued from Wednesday, March 14, 1990, and will be rescheduled to a future date. Please accept this letter as Defendant's request that he and his attorneys be provided with as much advance notice of the rescheduled date as possible.

The record contains no order or docket entry reflecting the continuance at the time of the trial court's decision.

*March 21, 1990.* An entry was made on the trial court's docket sheet indicating: "Order setting trial - Tuesday, April 10, 1990 @ 9:30."

*March 23, 1990.* The State filed a motion for excluded time period in which it requested that the time from March 14, 1990, to April 10, 1990, be excluded for speedy trial purposes due to a "congested trial calendar."

*March 27, 1990.* A second entry was added to the court docket which reads: "Due to the crowded court trial docket it was necessary to move to April 10, 1990 for trial. The period from March 14, 1990 to 4-10-90 shall be an excluded period for speedy trial rule."

*April 2, 1990.* Hicks filed his response to the State's motion of March 23, 1990, along with a motion to dismiss, noting the State's failure to prosecute within one year from the date of arrest and the trial court's failure to follow the requirements of Rules 28.3(b) and (i).

*April 10, 1990.* The trial court responded by entering its first formal order enunciating the following reasons for continuing the trial:

> Before the Court is a Motion to Exclude Time filed on behalf of the State of Arkansas in the captioned matter. By order dated December 22, 1989, the captioned matter was scheduled for trial on March 14, 1990. On March 13, 1990, this matter was continued from that trial setting because of a scheduling conflict. The Court set in excess of one hundred cases for trial in its March, 1990, trial term. After two plea days and docket calls, the number of cases for trial was reduced to twenty-one.
>
> The Court scheduled the matter of State of Arkansas vs. Charles A. Moore, No. CR-89-147, for trial on March 13, 1990. All trials are scheduled for a one day to complete. Because the Moore trial required two days to complete, this matter was continued from its setting. Both parties had announced ready for trial previously. However, neither party objected to the continuance.
>
> The Court was unable to reschedule this matter for trial prior to April 10, 1990. Being within a Judicial Circuit comprised of six counties and having jurisdiction over all felony criminal matters in the Circuit, the Court must travel to each county on a monthly basis to tend to pending cases. It is well established that the Court travels the Circuit the last week of each month for theses (sic) purposes and such occurred the last week of March 1990.
>
> Additionally, the Court has scheduled trials in Calhoun County, Arkansas for the period of April 2-9, 1990. This matter could not have been rescheduled prior to April 10, 1990.
>
> Based upon the foregoing the Court finds the motion to Exclude Time is well taken and should be formally granted pursuant to Arkansas Rules of Criminal Procedure Rule 28.3 (b) and (h). The Court finds that these

factors constitute good cause for exclusion of time.

Therefore, the period of time for March 14, 1990 through April 10, 1990 shall be exclude (sic) time for purposes of speedy trial calculations.

IT IS SO ORDERED.

█ It is undisputed that, under Ark. R. Crim. P. 28.1(c), the State was required to bring Hicks to trial by April 1, 1990, excluding only those periods of delay as authorized by Rule 28.3. Hicks was tried nine days after the required one-year period had elapsed, and the burden is on the State to show good cause for untimely delay. *Novak* v. *State*, 294 Ark. 120, 741 S.W.2d 243 (1987).

█ The law is well settled that congestion of the trial docket, alone, is not just cause for breaching the speedy trial rule. *See Harkness* v. *Harrison*, 266 Ark. 59, 585 S.W.2d 10 (1979); *Novak* v. *State, supra*; Rule 28.3(b). The State maintains, however, that the trial court's order of April 10, 1990, reflects "exceptional circumstances" justifying exclusion of time under Rule 28.3. That rule states in pertinent part:

The following periods shall be excluded in computing the time for trial:

\* \* \*

(b) The period of delay resulting from congestion of the trial docket when the delay is attributable to exceptional circumstances. When such a delay results, the court shall state the exceptional circumstances in its order continuing the case.

\* \* \* \*

(i) All excluded periods shall be set forth by the court in a written order or docket entry. . . .

██ Although not expressly stated in the rule, we have said that a trial court should enter written orders or make docket notations *at the time continuances are granted to detail the reasons for the continuances* and to specify, to a day certain, the time covered by such excluded periods (emphasis added). *McConaughy* v. *State*, 301 Ark. 446, 784 S.W.2d 768 (1990); *Cox* v.

*State*, 299 Ark. 312, 772 S.W.2d 336 (1989). In order to provide any impetus behind Rule 28.3, we must adhere to this language; otherwise, there is no need for the rule. Here, the trial court waited eight days after its decision to continue the case to note the continuance in the docket, which entry reflects only that the case would be continued to April 10. Another docket entry was made on March 27, yet, again, the notation simply mentions a crowded docket without further explanation. Compliance with Rule 28.3 occurred only in the trial court's order of April 10, the rescheduled trial date, which was, as we stated, nine days past the speedy trial period. We find the trial court's order to be untimely and contrary to the intent of Rules 28.3(b) and (i).

Furthermore, notwithstanding the fact that the order was untimely, the circumstances enumerated therein were not "exceptional." No explanation was offered as to why the case could not have been tried during the week immediately following the Moore trial, and before the last week in the month when the trial court was required to travel to other counties.

■ Lastly, the State is incorrect in implying that Hicks' failure to ask for a speedy trial, and his delay in responding to the State's motion for excluded time until the day after the time for speedy trial had expired, constituted a waiver of his right to a speedy trial. Rule 28.1(f) states that the defendant's failure to move for a dismissal only constitutes a waiver if not made "prior to a plea of guilty or trial. . ." Hicks' motion was made well in advance of his trial and was thus timely raised. *See Duncan* v. *State*, 294 Ark. 105, 740 S.W.2d 923 (1987).

■■ We also note that the letter from Hicks' attorney, acknowledging the trial's continuance, did not operate to Hicks' detriment. We have said that when a case is *delayed by the accused* and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to count as excluded time attributable to the defendant. *See McConaughy* v. *State, supra*; Rule 28.3(i). Here, however, Hicks' attorney did not consent to a trial date past the speedy trial period, but merely asked to be notified as soon as the new date was determined. There is no indication in the record that defense counsel knew, when he consented to the continuance, that the trial would be continued past the required time period, and we cannot view the letter as a

"delaying act."

Based on the foregoing reasons, we reverse the jury's verdicts and dismiss the case.

HAYS, GLAZE and CORBIN, JJ., dissent.

DONALD L. CORBIN, Justice, dissenting. I would affirm. Appellant's time for a speedy trial began to run on April 1, 1989, the date of his arrest. He would have to have been tried on or before April 1, 1990, unless there was an excludable period of delay.

On February 1, 1990, both sides announced ready for trial. On February 12, 1990, trial was set for March 14, 1990. On March 13, 1990, defense counsel was notified that the March 14, 1990 trial date was continued and would be rescheduled at a future date. A docket entry was made on March 27, 1990, stating that the trial was continued due to the crowded docket. Although it was entered prior to the expiration of the speedy trial period, Cox v. State, 299 Ark. 312, 772 S.W.2d 336 (1989), this docket entry in and of itself was clearly inadequate because exceptional circumstances were not stated by the trial court as required by Ark. R. Crim. P. 28.3(b). Novak v. State, 294 Ark. 120, 741 S.W.2d 243 (1987). However, the exceptional circumstances were stated in the trial court's order entered April 10, 1990.

On April 10, 1990, the trial judge entered a written order fully explaining the exceptional circumstances surrounding the delay and for continuing the case until April 10, 1990, to-wit:

> The Court scheduled the matter of State of Arkansas v. Charles A. Moore, No. CR-89-147, for trial on March 13, 1990. All trials are scheduled for a one day to complete. Because the Moore trial required two days to complete, this matter was continued from its setting. Both parties had announced ready for trial previously. However, neither party objected to the continuance.

> The Court was unable to rescheduled this matter for trial prior to April 10, 1990. Being within a Judicial Circuit comprised of six counties and having jurisdiction over all felony criminal matters in the Circuit, the Court must travel to each county on a monthly basis to tend to

pending cases. It is well established that the Court travels the Circuit the last week of each month for these purposes and such occurred the last week of March 1990.

Additionally, the Court has scheduled trials in Calhoun County, Arkansas for the period of April 2-9, 1990. This matter could not have been rescheduled prior to April 10, 1990.

Given the facts of this case, I would exempt this case from such rigid and confining rules. The docket was indeed congested and exceptional circumstances did exist as reflected in the April 10, 1990 order.

It should also be noted that appellant was notified by telephone on March 13, 1990, that the case had been continued and appellant requested that he be given as much advance notice of the rescheduled date as possible. The state filed a motion to exclude the period on speedy trial grounds on March 23, 1990. The appellant did not respond to this motion until April 2, 1990 — one day after the time for speedy trial had run without an excludable period.

As noted by the state, this case is an extreme example of an appellant who did not ask for a speedy trial — who, by coincidence or by design, did not file an objection to the continuance based upon a crowded trial docket, until the first day after the twelve month period had expired. As the state pointed out in the defendant's motion to dismiss, the appellant did not allege any prejudice. The period of delay appellant argues is impermissible is nine days. In *Barker* v. *Wingo*, 407 U.S. 514 (1972), the Supreme Court declared that four factors should be considered in determining whether a defendant has been denied his right to speedy trial: the length of delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant. Clearly, all four of these factors weigh in the state's favor. Based on these factors, I would conclude that appellant has not been denied his right to a speedy trial.

HAYS and GLAZE, JJ., join in this dissent.