Otis STRICKLAND *v.* STATE of Arkansas

CR 97-501                                    962 S.W.2d 769

Supreme Court of Arkansas
Opinion delivered February 12, 1998

*Katharine C. Day*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant, Otis Strickland, was arrested on October 13, 1994, and charged with four counts of delivery of a controlled substance. He was tried by a jury on October 3, 1996, found guilty, and sentenced to three terms of forty years, to be served concurrently. Prior to trial, Strickland filed a timely motion to dismiss the charges against him for violation of the speedy-trial rule. A hearing was held on the motion, and the trial judge denied it. Strickland appeals the denial of his motion to this court. We affirm the trial court.

■ Strickland's claim on appeal is that his right to a speedy trial under Rule 28.1 of the Arkansas Rules of Criminal Procedure has been violated. Rule 28 is clear that an accused must be brought to trial within 12 months from the date of the arrest. *See* Ark. R. Crim. P. 28.2. When a defendant presents a *prima facie* case of a speedy-trial violation, the burden shifts to the State to explain the delay. *Duncan V. Wright*, 318 Ark. 153, 883 S.W.2d 834 (1994); *Meine v. State*, 309 Ark. 124, 827 S.W.2d 151 (1992); *McConaughy v. State*, 301 Ark. 446, 784 S.W.2d 768 (1990).

■ Strickland clearly presented a *prima facie* case for a speedy-trial violation in that he was arrested on October 13, 1994, and was tried 721 days later on October 3, 1996. In response to his motion to dismiss, the State successfully presented to the trial court seven periods of time to be excluded under Rule 28.3, totaling 452 days. Thus, according to the State, Strickland was tried on the 269th day, after the 452 days were excluded. The trial court agreed. On appeal, Strickland contests the exclusion of three of those seven time periods.

*a. February 26, 1996, to May 16, 1996 (79 days).*

The first excluded time period contested by Strickland is the period between February 26 and May 16, 1996. We decline to consider the argument regarding this period because Strickland did not challenge this excluded period at the hearing on his motion. Nor did he contest the order excluding this period.

Hence, the trial court did not have an opportunity to rule on any objection to this excluded period.

■ ■ In criminal cases, issues raised, including constitutional issues, must be presented to the trial court to preserve them for appeal. *Welch v. State*, 330 Ark. 158, 955 S.W.2d 181 (1997). Moreover, it is incumbent upon an appellant to obtain a ruling from the trial court in order to preserve an argument for appeal. *Akins v. State*, 330 Ark. 228, 955 S.W.2d 483 (1997); *Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997); *Danzie v. State*, 326 Ark. 34, 930 S.W.2d 310 (1996). Because the trial court never ruled on an objection to the exclusion of this time period, the argument is not properly before us on appeal.

*b.   February 1, 1996, to February 26, 1996 (25 days).*

Strickland also contends that the period between February 1 and February 26, 1996, should not have been excluded because the order excluding this time was not date specific. Though eliminating the exclusion of these 25 days would still not cause a speedy–trial violation, we will consider the point. The trial court's order provides that on the court's own motion the time from February 1 until the "next trial setting" should be excluded. The trial court excluded this time period based on the fact that Strickland's court appointed counsel could no longer represent Strickland because he had been diagnosed with a terminal brain tumor. In support of his objection to this excluded period, Strickland cites Rule 28.3(c), which requires all orders excluding time for a continuance granted at the request of the defendant or the prosecutor to be date specific.

In response, the State presents two arguments. First, the State contends that the time excluded should not be considered under Rule 28.3(c) because it was excluded on the trial court's own motion and not by request for continuance by either party. Thus, the State argues that the exclusion should be considered only under Rule 28.3(h) which allows for the exclusion of "other periods of delay for good cause." Surely, the fact that the court's appointed defense attorney has been diagnosed with a terminal brain tumor constitutes good cause. In addition, Rule 28.3(h) does not require that an order be date specific.

■ Secondly, the State contends that the February 1, 1996 order was date specific. Although the order does refer to the "next trial setting," under the reasons explaining the exclusion of time, the trial court wrote that an arraignment would be scheduled for "February 26, 1996, to determine present ability to retain counsel or necessity of a court appointment." We conclude that the order was sufficiently clear to establish that, at a minimum, the period of time from February 1, 1996, to February 26, 1996, would be excluded.

c.  *May 16, 1996, to August 29, 1996 (105 days).*

Finally, Strickland contests the exclusion of the time period between May 16, 1996, and August 29, 1996. According to an order dated May 6, 1996, this time period was excluded because of the unavailability of a key witness for the State. Strickland, however, claims that the State did not act with due diligence in obtaining the testimony or presence of the witness.

■ Rule 28.3(d)(1) allows for time to be excluded upon a motion by the prosecutor when "evidence," material to the State's case, is unavailable. This rule also requires that the State exercise due diligence in obtaining the material evidence and that there be reasonable grounds to believe that the evidence will be available at a later date. *See also Meine v. State, supra.* We have held that a witness's testimony is evidence for purposes of this rule. *White v. State*, 330 Ark. 813, 958 S.W.2d 519 (1997); *see also Meine v. State, supra.* We have also stated that two factors we will look to in determining whether due diligence was exercised in obtaining an unavailable witness are the issuance of a subpoena for that witness and the lack of any effort to depose that witness. *Meine v. State, supra.*

In the instant case, the motion for a continuance was made because State Police Investigator Dennis Roberts would not be available for trial on that date. According to his testimony at the speedy-trial hearing, Investigator Roberts notified the prosecutor on March 29, 1996, that he would be unavailable to testify from May 10, 1996, through May 18, 1996, due to his having been chosen to represent the State of Arkansas at national police memo-

rial week in Washington, D.C. and a planned meeting with President Clinton. According to the State, on or about April 3, 1996, Investigator Roberts was served with a subpoena to appear and testify at trial set for May 16, 1996. Investigator Roberts confirmed that he did receive the subpoena.

Strickland argues that due diligence was not exercised in this case because the State did not make any effort to depose this witness for use at trial. The State responds that when the prosecutor became aware that Investigator Roberts planned not to attend the trial, the prosecutor issued a subpoena and requested a continuance. The State further maintains that it did not depose the witness because there was no guarantee that deposition testimony would be admissible in this situation.

Strickland relies heavily in his due diligence argument on *Meine v. State*, but we view the *Meine* case as being distinguishable from the case at bar. For the first trial setting in *Meine*, the witness at issue was never served with a subpoena. Here, Investigator Roberts was subpoenaed and never released from that subpoena. Then, in *Meine* the State unilaterally released the witness before the second trial setting on the basis of a scheduling conflict. We noted that the State might have availed itself of a deposition as an alternative to live testimony. Also, in *Meine* when the matter finally came to trial, the pertinent witness was not called to testify, casting doubt on his materiality. In the instant case, Investigator Roberts was the State's first witness.

We agree that whether a deposition might have substituted for live testimony in this case was problematic for the State. Investigator Roberts was a material witness for the State, and the State undoubtedly wanted his credibility and demeanor on display before the jury. Moreover, this court has said that under some circumstances, an unavailable witness's deposition testimony may be inadmissible. *See Bennett v. State*, 297 Ark. 115, 759 S.W.2d 799 (1988). In *Bennett*, we refused to permit deposition testimony where (1) the testimony was damaging to the defendant, (2) there was a need for the jury to be able to evaluate the credibility of the witness, and (3) there had not been a sufficient showing of unavailability. Though the *Bennett* decision does not disallow

deposition testimony in all instances, it underscores the importance of having a jury assess the demeanor of a critical witness. Investigator Roberts was the State's first witness at the eventual trial and an important cog in the State's case. We can readily see how it would be important to both parties for the witness to give his testimony in person.

Strickland does contest any assumption that Investigator Roberts was a material witness and, because of that, contends he was not unavailable for Rule 28.3(d)(1) purposes. Suffice it to say that Investigator Roberts testified at the speedy-trial hearing that he was the case agent and the lead officer in this matter and, in addition, was the custodian of the records, the supervisor of the buy money, and the supervisor of the evidence. At trial, he was the State's first witness and testified extensively about his role as an undercover agent on the cases involving Strickland. Through him, the State introduced six State exhibits. His testimony appears to us to have been clearly material.

We conclude that the State exercised due diligence in obtaining this material witness for trial. When it became apparent that the witness had a conflict and was unavailable, the trial court, in its discretion, had the authority to grant the continuance which it did. The fact that the case was not reset for trial sooner was a matter for the trial court to decide in fixing its docket.

We hold that these three time periods were properly excluded for speedy-trial purposes.

Affirmed.