Derrick Rumunda MOODY *v.* ARKANSAS COUNTY CIRCUIT COURT, Southern District

CR 02-39 85 S.W.3d 534

Supreme Court of Arkansas
Opinion delivered September 26, 2002

*Morse U. Gist, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Petitioner Derrick Rumunda Moody seeks a writ of prohibition asserting that the trial court has lost jurisdiction to try him on delivery of a controlled substance because he was not brought to trial within the twelve month period under Ark. R. Crim. P. 28. The criminal information was filed in this case on September 23, 1998. Moody filed his motion to dismiss on May 2, 2001. We hold that the periods of delay attributable to Moody, properly excluded between September 23, 1998 and May 2, 2002, fail to reduce the time within

which he was to be brought to trial to twelve months. The petition is granted. Jurisdiction of this petition is proper in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3).

*Facts*

The criminal information was filed against Moody on September 23, 1998. Moody was arrested on September 29, 1998. He appeared at a hearing on September 30th. At the next docket call, Moody was not present because he was incarcerated elsewhere. Thereafter, it appears Moody was in the Department of Corrections and then was free and working in Hot Springs. Later, Moody was returned to Arkansas County. His case was first set for trial on January 14, 1999, but was reset for trial eighteen times. He now alleges the trial court has lost jurisdiction to try him. We agree.

*Writ of Prohibition*

We first note that Moody has named the individual judge as the respondent to his petition. That is incorrect. Prohibition lies to the circuit court and not to the individual judge. *Pike v. Benton Circuit Court*, 340 Ark. 311, 10 S.W.3d 447 (2000). The petition will therefore be treated as one against the circuit court. *Pike, supra.*

Moody seeks a writ to prohibit the circuit court from proceeding against him on the criminal charges. A writ of prohibition stops the trial court from proceeding. *St. Paul Mercury Ins. v. Circuit Court, Craighead*, 348 Ark. 197, 73 S.W.3d 584 (2002). A writ of prohibition is an extraordinary writ that is only appropriate when the court is wholly without jurisdiction. *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000); *Kelch v. Erwin*, 333 Ark. 567, 970 S.W.2d 255 (1998) *(citing West Memphis Sch. Dist. No. 4 v. Circuit Court of Crittendon County*, 316 Ark. 290, 871 S.W.2d 368 (1994)). The writ will not be granted unless it is clearly warranted. *Ibsen, supra; Turbyfill v. State*, 312 Ark. 1, 846 S.W.2d 646 (1993).

*Speedy Trial*

██ ██ Under Ark. R. Crim. P. 28.1, an accused must be brought to trial within twelve months unless necessary delay occurs as authorized under Ark. R. Crim. P. 28.3. *Gwin v. State*, 340 Ark. 302, 9 S.W.3d 501 (2000). This means that a defendant must be tried within twelve months of the day the charges were filed, except that if prior to that time the defendant has been continuously held in custody, or has been lawfully at liberty, the time for trial commences running from the date of arrest. Ark. R. Crim. P. 28.2. Once a defendant shows his trial took place outside the applicable speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or otherwise justified. *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000); *Gooden v. State*, 295 Ark. 385, 749 S.W.2d 657 (1988). If a defendant is not brought to trial within the requisite time, Ark. R. Crim. P. 30.1 provides the defendant will be discharged, and such discharge is an absolute bar to prosecution of the same offense and any other offense required to be joined with that speedy-trial violation. *Ferguson, supra.*

*Motion to Dismiss*

Moody first moved for a dismissal under speedy trial Rule 28.1 by a motion on May 2, 2001. The motion asserted that Moody was to be tried outside the twelve-month period in violation of Ark. R. Crim. P. 28. From the docket, it appears the motion to dismiss was set for hearing on October 8, 2001, then continued to October 22, 2001. From a motion to continue the hearing, it appears that the hearing on the motion was continued to October 29, 2001, although nothing is noted in the record or docket as occurring on that date. On October 29, 2001, a hearing on the motion was held, and Moody's counsel asserted trial was set outside the allowed twelve-month period. The State then sought and was given an opportunity to review the transcript and docket. The hearing ended without any action on the motion by the court. On November 15, 2001, Moody filed a renewed motion to dismiss asserting he was to be tried in violation of Rule 28. On November 29, 2001, an order was filed on the motion

which states simply, "The Defendant's Motion to Dismiss is denied."

■ It is well settled that a defendant does not have a duty to bring himself to trial; rather, the burden is on the court and the prosecutor to see that the trial is held in a timely fashion. *Eubanks v. Humphrey*, 334 Ark. 21, 972 S.W.2d 234 (1998); *Tanner v. State*, 324 Ark. 37, 918 S.W.2d 166 (1996). Once a defendant shows that his trial will take place outside the applicable speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or otherwise justified. *Turner v. State*, 349 Ark. 715, 80 S.W.3d 382 (July 5, 2002); *Ferguson, supra; Gooden, supra.*

### Excluded Periods and Running of Speedy Trial

■ ■ We note at the outset that the State argues that there is no issue as to any period excluded by the trial court because Moody failed to object and obtain a ruling by the trial court on the disputed excluded periods. The law on this issue is found in *Strickland v. State*, 331 Ark. 402, 962 S.W.2d 769 (1998), wherein this court stated:

> It is true, that in criminal cases, issues raised, including constitutional issues, must be presented to the trial court to preserve them for appeal. *Welch v. State*, 330 Ark. 158, 955 S.W.2d 181 (1997). Moreover, it is incumbent upon an appellant to obtain a ruling from the trial court in order to preserve an argument for appeal. *Akins v. State*, 330 Ark. 228, 955 S.W.2d 483 (1997); *Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997); *Danzie v. State*, 326 Ark. 34, 930 S.W.2d 310 (1996). Because the trial court never ruled on an objection to the exclusion of this time period, the argument is not properly before us on appeal.

*Strickland*, 331 Ark. at 405. The record and the docket fail to reveal that any excluded period was objected to at the time it was noted in the record or on the docket. However, in his motion to dismiss, Moody asserted that his incarceration between September 3, 1998 and September 5, 1999, was to be counted against the running of speedy trial, and that there was no excluded period during the following times:

| 1. | 9/23/98 through 1/14/99 | 113 days |
|----|-------------------------|----------|
| 2. | 3/11/99 through 8/16/99 | 158 days |
| 3. | 11/6/00 through 1/29/01 | 84 days |
| 4. | 3/30/01 through 5/2/01 | 34 days |
| | | 389 days |

Naturally there is no issue as to Moody's incarceration between September 3, 1998 to September 23, 1998, because the criminal information was not filed until September 23, 1998. Pursuant to *Strickland*, Moody did raise the issue of the above noted periods before the trial court. The motion was denied.

When we analyze a speedy-trial issue, we add the number of excluded days under Ark. R. Crim. P. 28.3 and apply those days to the time applicable to the defendant as set forth in Rules 28.1 and 28.2 to determine the limitations and consequences applicable to the defendant. To carry out this analysis, we must determine the number of days between the date when time commences to run against speedy trial under Rule 28 and the date on which the defendant alleges he was to be brought to trial in violation of the rule.

Moody was arrested after the criminal information was filed in this case. Therefore, time commences to run from the date the criminal information was filed. Ark. R. Crim. P. 28.2. The criminal information was filed on September 23, 1998. Moody filed his motion to dismiss on May 2, 2001, alleging he was about to be brought to trial in violation of his right to a speedy trial. Thus, we must determine the number of days that may be excluded, if any, between September 23, 1998 and May 2, 2001. From September 23, 1998, to the end of that year amounts to ninety-nine days. There were 365 days in 1999 and 366 days in 2000. From January 1, 2001, to May 2, 2001, amounts to 122 days. The sum of these four numbers is 962 days.

█ Moody has thus demonstrated that as of the date he filed his motion to dismiss, he was 597 days beyond the twelve-month limitation under Rule 28.1. He has thus shown a *prima facie* case of a speedy-trial violation, and the burden shifts to the

State to show that the 597 days of delay were caused by the defendant or otherwise justified. *Ibsen, supra.* We must then determine whether the excluded periods allowed under Rule 28.3 exceed this number and thereby allow Moody to yet be brought to trial within twelve months.

The parties agree that the period between September 23, 1998 and January 14, 1999, the first trial date, is not an excluded period. Therefore, during this period, time was running on speedy trial.

■ The next period we consider is from the trial date of January 14, 1999, to the next trial date of March 11, 1999. This period resulted from a continuance of trial dates requested by Moody. Moody agrees that this period is to be excluded. This is a period of fifty-six days. When we subtract this sum from 597, we are left with 541 days.

We next consider the period from March 11, 1999 to the next trial date of May 20, 1999. The trial was continued to May 20, 1999 due to "older case disposed of." This notation appears on a Notice dated March 11, 1999, and on the docket on March 15, 1999. This is a period of seventy days. The State argues that this is an excluded period. There is nothing in the record or on the docket to explain why seventy days were required to dispose of another case. There is nothing in the record or on the docket to explain the reason for the continuance with particularity as required under Ark. R. Crim. P. 28.3(b)(1). The State argues that this explanation complies with Ark. R. Crim. P. 28.3(b), which allows for exclusions due to docket congestion when the court explains with particularity the reason the trial docket does not permit trial on the original trial date. Rule 28.3(b)(1-3) provides:

> (b) The period of delay resulting from a continuance attributable to congestion of the trial docket if in a written order or docket entry at the time the continuance is granted:
> (1) the court explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled;
> (2) the court determines that the delay will not prejudice the defendant; and
> (3) the court schedules the trial on the next available date permitted by the trial docket.

██ In *Stanley v. State*, 297 Ark. 586, 764 S.W.2d 426 (1989), Rule 28.3(b) we discussed a seventeen-day continuance by the trial court because a capital murder case had already been commenced and would carry over past Stanley's trial date. There, the trial court entered an order on Friday, June 6, the day that the trial in *Stanley* was to commence, explaining that an already commenced capital murder trial would carry over into the next week of June 9. This court stated: "This constitutes the type of an order contemplated by Rule 28.3(b). It was sufficient to exclude the period from June 9 until June 26, the date of the next criminal docket." *Stanley*, 297 Ark. at 587. We have no such order in the present case. Here, it appears that the case was continued seventy days due to docket congestion without any further explanation than "older case disposed of." A good many older cases might be disposed of in a seventy-day period. No explanation was provided in the docket or in the record to show why this case was continued for such an extended period. This court has stated that the law is well settled that congestion of the trial docket without more is not just cause for breaching the speedy-trial rule. *Hicks v. State*, 305 Ark. 393, 808 S.W.2d 348 (1991). *See also, Novak v. State*, 294 Ark. 120, 741 S.W.2d 243 (1987); *Harkness v. Harrison*, 266 Ark. 59, 585 S.W.2d 10 (1979); Rule 28.3(b). The written order or the docket must detail the reason for the continuance. *Hicks, supra*. As in *Hicks*, no explanation was offered as to why the case could not be tried during the week immediately following the case that was to be disposed of. Rule 28.3(b)(3) requires that where a trial is continued due to docket congestion, the trial court must schedule the trial on the next available date permitted by the trial docket. There is nothing in the record or on the docket to show this was done. Thus, this period counts against time running on speedy trial and is not an excluded period.

██ We must next consider a problem that appears nine times in this case. As noted above, the trial was continued to May 20, 1999. However, there is nothing in the record or on the docket sheet to indicate that any activity occurred in the case on May 20, 1999. Rather, the first mention of activity appears seven days later on May 27, 1999. On that date, the trial court sent out a Notice that the case was continued to June 17, 1999 due to

docket congestion. We thus have a period of seven days where there is nothing on the docket sheet or in the record to show the trial court excluded the seven days. Rule 28.3(a) requires that excluded periods "shall" be set forth by the court in a written order or docket entry. The word "shall" is mandatory. *Smith v. State*, 347 Ark. 277, 61 S.W.3d 168 (2001). The State appears to assume that this time would simply be part of the continuance for a congested docket if docket congestion constitutes an excluded period. The problem is that there is nothing in the record or on the docket sheet to show that these seven days were ever excluded by the trial court. It is true that where the delay is caused by the defendant, this court has shown a willingness to exclude the time when there is at least some contemporaneous record of the pro-ceedings reflecting the delaying act. *Bradford v. State*, 329 Ark. 620, 953 S.W.2d 549 (1997). In *Bradford*, the State attempted to exclude a period based primarily on a chronology of events to show the defendant was responsible for the delay. This court rejected that argument, noting the contemporaneous record did not reflect the reasons for the delay. There must be a record that the seven days were excluded by the trial court. There is none. These days do not constitute an excluded period.

The State argues that the period from May 27, 1999, to June 17, 1999, must be excluded because the trial court noted a con-gested docket as the reason, which the State argues is permissible under Rule 28.3. As discussed above, a congested docket alone is not just cause for breaching the speedy trial rule. *Hicks, supra; Novak, supra; Harkness, supra.* Thus, this period will not be excluded.

The period from June 17, 1999, to June 24, 1999, is unexplained and nothing in the record or docket sheet reflects this time was excluded. Thus, time was running against speedy trial. On June 24, 1999, the trial court sent out a notice that the trial was continued to July 29, 1999, at the State's request. Nothing in the record or on the docket sheet shows this time was sought pur-suant to Rule 28.3(d), or which allows excluded periods at the State's request for certain reasons. This time ran against speedy trial.

However, on July 6, 1999, Moody filed a motion for a continuance. Moody concedes that the time from July 6, 1999, until the trial was reset on his motion for a continuance to October 7, 1999, is to be excluded. This is a period of ninety-three days. When ninety-three days are subtracted from 541 days, there are 448 days that must be excluded.

On October 7, 1999, Moody's counsel appeared and informed the court that he had lost contact with Moody and had only spoken with him the day before through a girlfriend. The trial was continued to November 18, 1999, and Moody concedes that this is an excluded period. It amounts to forty-two days. When forty-two days are subtracted from 448, there are 406 days that the State must yet exclude.

Nothing in the record or on the docket sheet shows that the period from the trial date of November 18, 1999, until the next activity on November 24, 1999, was excluded. This time runs against speedy trial. Rule 28.3(c) requires that all continuances granted at a defendant's request be to a date certain. The excluded period under the rule runs from the date the continuance is granted until that date certain. That date certain in this case was November 18, 1999.

A docket entry on November 24, 1999, shows that the trial was continued to January 13, 2000, at the defendant's request. Moody argues this time may not be excluded because neither the record nor the docket entry show that he requested it. There is nothing in the record or the docket sheet to show that he objected to having this time excluded when the continuance was granted nor that this issue was raised to the trial court in his motion to dismiss. This time is properly excluded. *Strickland, supra.* This period is fifty days. When fifty is subtracted from 406 days, there are 356 days that must still be excluded.

The period from the trial date of January 13, 2000, until January 18, 2000, is not excluded in the record or on the docket. Time runs against speedy trial on these days.

On January 18, 2000, there was a hearing in which the prosecutor represented that the defendant wanted the trial continued.

The trial court then set the trial for February 24, 2000. This period was not objected to nor raised below in the motion to dismiss. It is therefore an excluded period. It amounts to thirty-seven days. When thirty-seven is subtracted from 356 days, 319 days are left.

On March 7, 2000, the trial court sent a Notice that the trial was continued to April 6, 2000, at the defendant's request. This period was not objected to nor raised below in the motion to dismiss. It is therefore an excluded period. It amounts to thirty days. When thirty is subtracted from 319 days, 289 days are left.

Then on April 20, 2000, the trial court sent notice that the trial was continued to June 1, 2000, at the defendant's request. This period was not objected to nor raised below in the motion to dismiss. It is therefore an excluded period. It amounts to forty-two days. When forty-two is subtracted from 289 days, 247 days are left.

The period from the trial date of June 1, 2000, until June 13, 2000, is not excluded in the record or on the docket. Time runs against speedy trial on these days.

On June 13, 2000, the trial court sent notice that the trial was continued to August 24, 2000, at the defendant's request. This period was not objected to nor raised below in the motion to dismiss. It is therefore an excluded period. It amounts to seventy-two days. When seventy-two is subtracted from 247 days, 175 days are left.

The period from the trial date of August 24, 2000, until August 28, 2000, is not excluded in the record or on the docket. Time runs against speedy trial on these days.

On August 28, 2000, the trial court continued the trial to October 17, 2000, at the defendant's request. This period was not objected to nor raised below in the motion to dismiss. It is therefore an excluded period. It amounts to fifty days. When fifty is subtracted from 175 days, 125 days are left.

The period from the trial date of October 17, 2000, until November 2, 2000, is not excluded in the record or on the docket. Time runs against speedy trial on these days.

 On November 2, 2000, the trial court sent out a notice continuing the trial until January 18, 2001, because the "judge was ill." The period from November 2, 2000 to January 18, 2001 amounts to seventy-seven days. Delays resulting from a judge's illness are not excluded under Rule 28.3(a). *Collins v. State*, 304 Ark. 587, 804 S.W.2d 680 (1991); *Novak, supra.*

The period from the trial date of January 18, 2000, until January 24, 2000, is not excluded in the record or on the docket. Time runs against speedy trial on these days.

On January 24, 2001, the trial court sent out a notice continuing the trial until March 8, 2001, at the defendant's request. This period was not objected to nor raised below in the motion to dismiss. It is therefore an excluded period. It amounts to forty-three days. When forty-three is subtracted from 125 days, eighty-two days are left.

On March 8, 2001, the docket shows that the trial was continued to May 3, 2001, due to defendant's request. However, a trial court notice dated March 28, 2001, indicates the continuance was due to docket congestion. Even if the fifty-five days from March 8, 2001, to May 2, 2001, when the motion to dismiss was filed, were excluded, the State would still be twenty-seven days beyond the permitted twelve months.

 In summary, the total days from filing of the criminal information to filing of the motion to dismiss was 962 days. Subtracting 365 ·days from 962 days results in 597 days the State needed to show were excluded. At best the State can show 570 days were excluded. That leaves the State twenty-seven days short. Moody could not be brought to trial within twelve months as required by Rule 28.

The petition is granted.