SLIP OPINION

Cite as 2015 Ark. 259

# SUPREME COURT OF ARKANSAS

No. CR–14–5

| | | |
|---|---|---|
| STANLEY CARTER | | **Opinion Delivered** June 4, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| V. | | [NO. CR–2012-658] |
| | | |
| STATE OF ARKANSAS | | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED; COUNSEL REMOVED. |

**PER CURIAM**

A jury in the Crittenden County Circuit Court convicted appellant Stanley Carter of three counts of rape for which he received one sentence of life in prison and two terms of fifty years' imprisonment. On appeal, Carter challenges the circuit court's denial of his motion to dismiss in which he argued that he was denied the right to a speedy trial. We find that Carter's brief is deficient and order rebriefing. As this is the third time that we have ordered rebriefing, we also remove present counsel, Shaun Hair, for the appointment of new counsel to represent Carter in this appeal.

Because Carter received a life sentence, Arkansas Supreme Court Rule 4–3(i) requires the abstract to include "all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling." This court has twice ordered

rebriefing to require compliance with this rule. First, we did so on the State's motion in which it pointed out, among other things, that Carter had failed to abstract "[t]he denial of Appellant's motion for a directed verdict as to the three rape charges, and the testimony needed for an understanding of that adverse ruling." Second, when the case was submitted to us, we issued a per curiam again ordering rebriefing because the addendum did not include the circuit court's order continuing the case, which is at issue in the appeal. *Carter v. State*, 2015 Ark. 4 (per curiam). In addition, we noted that "[w]hile counsel has abstracted the adverse rulings made by the circuit court over the course of trial, they have little meaning without the context of the evidence that was introduced and the circumstances during which the adverse rulings occurred." *Id* at 2.

The brief currently under consideration is also deficient. First, the circuit court overruled Carter's hearsay objection during the testimony of Amanda Taylor. However, the abstract does not include the witness's testimony. Obviously, we cannot assess whether prejudicial error occurred as required by Rule 4–3(i) without knowing the substance of the testimony that was admitted over Carter's objection. Second, Carter has wholly failed to include any of the trial testimony that is pertinent to the adverse rulings denying his motions for directed verdict, although the State and this court have previously called attention to this abstracting deficiency. We also find that Carter's addendum does not include the circuit court's order denying Carter's posttrial "Motion to Supplement the Record and to Renew Motion to Dismiss for Violation of Speedy Trial."

Carter's brief is not in compliance with Rule 4–3(i) after two attempts, and we must

order rebriefing. We also deem it necessary to remove counsel, and we request the Arkansas Public Defender Commission to assign new counsel for substitution and appointment by this court to represent Carter on appeal.

It is so ordered.