SLIP OPINION

Cite as 2016 Ark. 152

# SUPREME COURT OF ARKANSAS

**No.** CR–14–5

| | | |
|---|---|---|
| STANLEY CARTER | | **Opinion Delivered** April 7, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [CR–2012–658] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Stanley Carter appeals from his convictions on three counts of rape, for which he was sentenced to consecutive terms of imprisonment of life, fifty years, and fifty years.[1] On appeal, he argues that his convictions should be reversed and dismissed for a speedy-trial violation because the trial court did not follow the strict commands of Arkansas Rule of Criminal Procedure 28.3(b)(1). For the reason set out below, we affirm.

Appellant was arrested on June 15, 2012. His trial was continued on several occasions. Pertinent to this appeal, the circuit court entered a scheduling order setting the case for trial to be held on March 11, 2013. On March 7, 2013, the circuit court entered a scheduling order continuing the trial until May 13, 2013. On May 13, 2013, appellant's trial was continued over appellant's objection, with the trial court noting on the docket the

---

[1] Appellant was convicted under Arkansas Code Annotated section 5–14–103(a)(3)(A) (Repl. 2013), which provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age.

following: "Case continued over defendant's objection based on congested docket. The case is set for July 22, the next available date on this docket. The time is excluded. The court finds there is no prejudice to the defendant who is out on bond." The court also entered an order setting a new trial date of July 22, 2013.

Appellant's case was tried before a Crittenden County jury on July 22–24, 2013. In a pretrial hearing outside the presence of the jury, appellant moved to dismiss his case based on an alleged speedy-trial violation. During this hearing, the circuit court and counsel discussed that the continuance granted on March 7, 2013, had been at defense counsel's request due to illness in his family; his wife had been diagnosed with the flu, and the doctor had informed them that he and their three young children would likely get the flu also. The court denied the motion. Appellant was found guilty on all three counts and sentenced by the court on September 16, 2013. On September 20, 2013, appellant filed a "motion to supplement the record and to renew motion to dismiss for violation of speedy trial." In his motion, appellant argued that "other than the State's contention that the trial docket was congested during the May 2013 term," "there are no excludable periods." The State responded with a detailed explanation for each continuance of appellant's trial date. The circuit court denied appellant's motion by written order entered on October 2, 2013. This appeal followed.[2]

---

[2] In January 2015, this court ordered rebriefing. *Carter v. State*, 2015 Ark. 4 (per curiam). In June 2015, this court again ordered rebriefing and this time removed counsel; new counsel was subsequently appointed. *Carter v. State*, 2015 Ark. 259 (per curiam).

SLIP OPINION

Pursuant to Rule 28.1 of the Arkansas Rules of Criminal Procedure, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. *See* Ark. R. Crim. P. 28.1(b), (c) (2013); *Eagle v. State*, 2012 Ark. 371. On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under our speedy-trial rules. *Yarbrough v. State*, 370 Ark. 31, 33, 257 S.W.3d 50, 53 (2007). Once a defendant establishes a prima facie case of a speedy-trial violation, i.e., that his or her trial took place outside of the speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Id.*

In the present case, it is undisputed that appellant was tried 402 days after his arrest; thus, the burden is on the State to prove that the delay was excludeable for speedy-trial purposes. *See Yarbrough v. State, supra.* Relevant to this appeal, Rule 28.3(b) provides that the following is excluded:

> The period of delay resulting from a continuance attributable to congestion of the trial docket if in a written order or docket entry at the time the continuance is granted:
>
> (1) the court *explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled*;
>
> (2) the court determines that the delay will not prejudice the defendant; and
>
> (3) the court schedules the trial on the next available date permitted by the trial docket.

(Emphasis added.) Here, the trial court's docket notation did not comply with Rule 28.3(b)(1). As conceded by the State, our precedent has adhered to the plain language of Arkansas Rule of Criminal Procedure 28.3(b)(1), which provides that a period of delay due to trial-docket congestion is excluded in computing the time for trial if "in a written order

or docket entry at the time the continuance is granted . . . the court explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled." The law is well settled that congestion of the trial docket, without more, is not just cause for breaching the speedy-trial rule. *Moody v. Ark. Cty. Circuit Court*, 350 Ark. 176, 85 S.W.3d 534 (2002). The written order or the docket must detail the reason for the continuance on this basis. *Id.* (citing *Hicks v. State*, 305 Ark. 393, 808 S.W.2d 348 (1991)). Rule 28.3(b)(1)'s requirement of a contemporaneous written order or docket entry explaining with particularity the reasons the trial docket does not permit trial was not met in the present case. Thus, appellant is correct that the trial court erred in excluding the period from May 13 to July 22, 2013.

The State argues that this court can nonetheless look to a different period of time that should have been excluded from the speedy-trial calculation. Indeed, in *Ferguson v. State*, 343 Ark. 159, 171, 33 S.W.3d 115, 123 (2000), this court found that two periods of delay, totaling 202 days, should be excluded from the calculation of speedy trial because they were the result of delays from pretrial motions filed by the appellant. This court wrote, "Although the trial court did not rely on these specific periods of delay in denying the motion to dismiss, we are not constrained by the trial court's rationale and may go to the record for additional reasons to affirm." Looking at the State's argument in the present case, it correctly notes that postponement of a trial because of defense counsel's illness can constitute "good cause" that is excludable under Rule 28.3(h).[3] *See Strickland v. State*, 331

---

[3] The excluded periods of time for purposes of calculating speedy trial include Rule 28.3(h): "Other periods of delay for good cause."

Ark. 402, 962 S.W.2d 769 (1998). Furthermore, the State argues that this case is similar to *Jones v. State*, 323 Ark. 655, 916 S.W.2d 736 (1996), in which this court held that, despite the lack of a contemporaneous record, the trial court had continued the case for good cause based on the undisputed fact that defense counsel was hospitalized.

Here, the circuit court entered a scheduling order on March 7, 2013, which continued appellant's jury trial until May 13, 2013. The record reveals that the March trial date was continued at appellant's attorney's request because appellant's attorney's wife had the flu, and the doctor had informed him that he and his three young children were likely to get sick as well. This period is excludable under both Rule 28.3(c) (a continuance granted at the request of the defendant or his counsel) and (h) (other periods of delay for good cause). The exclusion of the sixty-seven days between March 7 and May 13, 2013, brings appellant's trial date well within the one-year period for speedy trial. Because we hold that this period was in fact excludable, we affirm.

Finally, pursuant to Arkansas Supreme Court Rule 4-3(i), the record has been reviewed for all objections, motions, and requests that were decided adversely to appellant, and no prejudicial error has been found.

Affirmed.

BAKER, GOODSON, and WOOD, JJ., concur in part and dissent in part.

**COURTNEY HUDSON GOODSON, Justice, concurring in part and dissenting in part.** I concur in the decision that Carter was not denied the right to a speedy trial. However, I cannot agree with the majority's conclusions that the delay attributable to

docket congestion is not an excludable period and that the continuance due to the potential illness of Carter's counsel is properly excluded.

By rule, congestion of the docket is an excludable period. Arkansas Rule of Criminal Procedure 28.3(b) provides,

> (b) The period of delay resulting from a continuance attributable to congestion of the trial docket if in a written order or docket entry at the time the continuance is granted:
>
> (1) the court explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled;
>
> (2) the court determines that the delay will not prejudice the defendant; and
>
> (3) the court schedules the trial on the next available date permitted by the trial docket.

The law is well settled that congestion of the trial docket, without more, is not just cause for breaching the speedy-trial rule. *Moody v. Ark. Cty. Circuit Court*, 350 Ark. 176, 85 S.W.3d 534 (2002); *see also Berry v. Henry*, 364 Ark. 26, 216 S.W.3d 93 (2005). We have said that the written order or the docket entry must detail the reason for the continuance on this basis. *Moody*, *supra* (citing *Hicks v. State*, 305 Ark. 393, 808 S.W.2d 348 (1991)).

On May 13, 2013, the circuit court entered an order continuing the trial to July 22, 2013. This order states that "the period of time between the present trial setting and the rescheduled setting [is] an excluded period of time within the meaning of the Speedy Trial rules." On that same day, the circuit court also made a docket entry stating that the trial was continued to the next available trial date on July 22, 2013; that the continuance was based on docket congestion; that there was no prejudice to the defendant who was not



currently incarcerated; and that the time was excluded for speedy-trial purposes over the defendant's objection.

Although not mentioned in the majority opinion, the record reflects that, also on May 13, 2013, the circuit court explained in open court and in the presence of Carter and his counsel the reasons why the trial docket required the postponement of the trial. On the record, the court stated that there were thirty-six criminal cases set for trial that week and that, due to the congestion of the docket, it was not possible to try them all in one week's time. The circuit court added that Crittenden County has the largest criminal docket in the judicial district; that there was limited courtroom space available; and that the three criminal divisions in the district are each given one week of the month to try cases. The court also noted that July 22, 2013, was the first available trial date.

This court has previously recognized that excluded periods without a written order or docket entry will be upheld when the record clearly demonstrates that the delays were attributable to the accused or were legally justified and where the reasons were memorialized in the proceedings at the time of the occurrence. *Miles v. State*, 348 Ark. 544, 75 S.W.3d 677 (2002); *Chenowith v*. State, 341 Ark. 722, 19 S.W.3d 612 (2000) (citing *Goston v. State*, 326 Ark. 106, 930 S.W.2d 332 (1996)); *Osborn v. State*, 340 Ark. 444, 11 S.W.3d 528 (2000). As is plain on the face of the record, the circuit court's continuance order, its docket entry, and the court's contemporaneous explanation for the delay in open court satisfied each of the requirements contained in Rule 28.3(b). The continuance order set forth the excluded time period. The docket entry and the circuit court's statements on the record reveal that the trial was rescheduled to the first available date, and the docket entry contains

a finding that Carter was not prejudiced by the delay because he had been released from jail. Although neither the continuance order nor the docket entry explained the circuit court's predicament regarding docket congestion, the court's contemporaneous and thorough explanation on the record fulfilled this requirement. *See Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004) (holding that the circuit court's statements on the record in the presence of the defendant and his counsel properly memorialized the court's action for purposes of speedy trial); *Romes, supra* (same). To hold that this requirement was not satisfied because the findings regarding docket congestion were not contained in an order or docket entry, and to ignore the circuit court's findings stated on the record, is placing form over substance. As this court said in *Romes, supra*, we do not place form over substance when considering speedy-trial issues. Accordingly, I would hold that the delay was legally justified under the docket-congestion exclusion because the necessary findings were fully memorialized in the record at the time of the occurrence.

On a final note, I am mindful that the parties are in agreement that the time period for docket congestion is not subject to exclusion. However, this court is not bound by their concession. The proper administration of the law cannot be left merely to the stipulation of the parties. *Beulah v. State*, 352 Ark. 472, 101 S.W.3d 802 (2003) (citing *Burrell v. State*, 65 Ark. App. 272, 986 S.W.2d 141 (1999) (citing *Young v. United States*, 315 U.S. 257 (1942))). Stated another way, it is for this court, and not the parties, to declare the law.

With respect to the continuance occasioned by counsel's illness, I must dissent from the majority's conclusion that this time period is excluded. Of course, delays attributable to the illness of the defendant's trial counsel may be excluded as a matter of good cause under

Rule 28.3(h). *Jones v. State*, 323 Ark. 655, 916 S.W.2d 736 (1996); *Strickland v. State*, 331 Ark. 402, 962 S.W.2d 769 (1998). My disagreement with the majority's decision is that there is no contemporaneous record to justify an exclusion on that basis.

Here, the circuit court entered a scheduling order on March 7, 2013, resetting the trial to May 13, 2013. The order does not recite any reason for the delay, and it does not state that the period of time was excluded for speedy-trial purposes. The only explanation for the delay came at the speedy-trial hearing held on July 22, 2013, which was the day of trial.

We have said that a contemporaneous record must reveal that a delay is attributable to the defendant or the time will not constitute an excludable period. *Davis v. State*, 375 Ark. 368, 291 S.W.3d 164 (2009). This court has refused to exclude periods of time when no contemporaneous record is made. *See, e.g.*, *Moody*, *supra*; *Bradford v. State*, 329 Ark. 620, 953 S.W.2d 549 (1997). It is true that where the delay is caused by the defendant, this court has demonstrated a willingness to exclude the time when there is at least some contemporaneous record of the proceedings reflecting the delaying act. *Burningham v. State*, 346 Ark. 78, 57 S.W.3d 118 (2001). In the present case, no contemporaneous record exists outlining the basis for the postponement of the trial. Consequently, this period should not be excluded.

The majority's reliance on *Jones*, *supra*, is unavailing. In that case, the circuit court orally continued the date of trial due to the illness of defense counsel without documenting the continuance in an order or a docket entry. We affirmed the exclusion of the time period because the circuit court "remedied that oversight" by the entry of a subsequent order

9

detailing the reason for the continuance *and* because the record contained a letter that was filed contemporaneously to the continuance confirming the relevant dates for exclusion and the basis for the continuance. *Jones*, 323 Ark. at 663, 916 S.W.2d at 741. In short, the letter was critical to this court's analysis, and we found no speedy-trial violation because there was at least some contemporaneous record to demonstrate that the delay was chargeable to the defendant. By stark contrast here, there is no contemporaneous record reflecting that the delay was attributable to the defendant.

It is curious to me how the majority can sanction the exclusion of one period without a contemporaneous record in defiance of Rule 28.3, and yet disavow the exclusion of another period when the contemporaneous record demonstrates full compliance with the rule. I dissent.

BAKER and WOOD, JJ., join.

*Shaun Hair*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.