Courtney Hudson Goodson; Justice, concurring in part and dissenting in part. I concur in the decision that Carter was not denied the right to a speedy trial. However, I cannot agree with the majority’s conclusions that the delay attributable to | rdocket congestion is not an excludable period and that the continuance due to the potential illness of Carter’s counsel is properly excluded. • By rule, congestion of the docket is an excludable period. Arkansas Rule of Criminal Procedure 28.3(b) provides, (b) The period of delay resulting from a continuance attributable to congestion of the trial docket if in a written order or docket entry at the time the continuance is granted: (1) the court explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled; (2) the court determines that the delay will not prejudice the defendant; and . (3) the court schedules the trial on the next available date permitted by the trial docket. The law is well settled that congestion of the trial docket, without more, is not just cause, for breaching the speedy-trial rule. Moody v. Ark. Cty. Circuit Court, 350 Ark. 176, 85 S.W.3d 534 (2002); see also Berry v. Henry, 364 Ark. 26, 216 S.W.3d 93 (2005). We have said that the written order or the docket entry must detail the reason for the continuance on this basis. Moody, supra (citing Hicks v. State, 305 Ark. 393, 808 S.W.2d 348 (1991)). On May 13, 2013, the circuit court entered an order continuing the trial to July 22, 2013. This order states that “the period of time between the present trial setting and the rescheduled setting [is] an excluded period of time within the meaning of the Speedy Trial rules.” On that same day, the circuit court also made a docket entry stating that the trial was continued to the next available trial date on July 22, 2013; that the continuance was based on docket congestion; that there was no prejudice to the defendant who was not | ^currently incarcerated; and that the time was excluded for speedy-trial purposes over the defendant’s objection. Although not mentioned in the majority opinion, the record reflects that, also on May 13,2013, the circuit court explained in open court and in the presence of Carter and his counsel the reasons why the trial docket required the postponement of the trial. On the record, the court stated that there were thirty-six criminal cases set for trial .that week and that, due to the conges-tion of the docket, it was not possible to try them all in one week’s time. . The circuit court added that Crittenden County has the largest criminal docket in the judicial district; that there was limited courtroom space available; ánd that the three criminal divisions in the district are each given one week of the month to try cases. The' court also noted that July 22, 2013, was the first available trial date.. This court has ‘ previously recognized that excluded periods without a written order or docket entry will be upheld when the record clearly demonstrates that the delays were attributable to the accused or were legally justified and where the reasons were memorialized in the proceedings at the time of the occurrence. Miles v. State, 348 Ark. 544, 75 S.W.3d 677 (2002); Chenowith v. State, 341 Ark. 722, 19 S.W.3d 612 (2000) (citing Goston v. State, 326 Ark. 106, 930 S.W.2d 332 (1996)); Osborn v. State, 340 Ark. 444, 11 S.W.3d 528 (2000). As is plain on the face of the record, the circuit court’s continuance order, its docket entry, and, the court’s contemporaneous explanation for the delay in open court satisfied each -of the requirements contained in Rule 28.3(b). The continuance order set forth the excluded time period. The docket entry and the circuit court’s statements on the record reveal that the trial was rescheduled to the first available date, and the docket entry contains 1 sa finding that Carter was not prejudiced by the delay because he had been released from jail. Although neither the continuance order nor the docket entry explained the circuit court’s predicament regarding docket congestion, the court’s contemporaneous • and thorough explanation on the record fulfilled this requirement. See Standridge v. State, 357 Ark. 105, 161 S.W.3d 815 (2004) (holding that the circuit court’s statements on the record in the presence of the defendant and his counsel properly memorialized the court’s action for purposes of speedy trial); Romes v. State, 356 Ark. 26, 144 S.W.3d 750 (2004) (same). To hold that this requirement was not satisfied because the findings regarding docket congestion were not contained in an order or docket entry, and to ignore the circuit court’s findings stated on the record, is placing form over substance. As this court said in Romes, supra, we do not place form over substance when considering speedy-trial issues.. Accordingly, I would hold that the delay was legally justified under the docket-congestion exclusion because the necessary findings were fully memorialized in the record at the time of the occurrence. On a final note, I am mindful that the parties are in agreement that the time period for docket congestion is not subject to exclusion. -However, this court is not bound by their concession. The proper administration of the law cannot be left merely to the stipulation of the parties. Beulah v. State, 352 Ark. 472, 101 S.W.3d 802 (2003) (citing Burrell v. State, 65 Ark. App. 272, 986 S.W.2d 141 (1999) (citing Young v. United States, 315 U.S. 257, 62 S.Ct. 510, 86 L.Ed. 832 (1942))). Stated another way, it is for this court, and not the parties, to declare the law. With respect to the continuance occasioned by counsel’s illness, I must dissent from the majority’s conclusion that this time period is excluded. Of course, delays attributable to -the illness of the defendant’s trial counsel may be excluded, as a matter of good cause under |nRule-28.3(h). Jones v. State, 323 Ark. 655, 916 S.W.2d 736 (1996); Strickland v. State, 331 Ark. 402, 962 S.W.2d 769 (1998). My disagreement with the majority’s decision is that there is no contemporaneous record to justify an exclusion on that basis. Here, the circuit court entered a scheduling order on March 7, 2013, resetting the trial to May 13, 2013. The order does not recite any reason for the delay, and it does not state that the period of time was excluded for speedy-trial purposes. The only explanation for the delay came at the speedy-trial hearing held on July 22, 2013, which was the day of trial. We have said that a contemporaneous record must reveal that a delay is attributable to the defendant or the time will not constitute an excludable period. Davis v. State, 375 Ark. 368, 291 S.W.3d 164 (2009). This court has refused to exclude periods of time when no contemporaneous record is made. See, e.g., Moody, supra; Bradford v. State, 329 Ark. 620, 953 S.W.2d 549 (1997). It is true that where the delay is caused by the defendant, this court has demonstrated a willingness to exclude the time when there is at least some contemporaneous record of the proceedings reflecting the delaying act. Burmingham v. State, 346 Ark. 78, 57 S.W.3d 118 (2001). In the present case, no contemporaneous record exists outlining the basis for the postponement of the trial. Consequently, this period should not be excluded. The majority’s reliance on Jones, supra, is unavailing. In that case, the circuit court orally continued the date of trial due to the illness of defense counsel without documenting the continuance in an order or a docket entry. We affirmed the exclusion of the time period because the circuit court “remedied that oversight” by the entry of a subsequent order | mdetailing the reason for the continuance and because the record contained a letter that was filed contemporaneously to the continuance confirming the relevant dates for exclusion and the basis for the continuance. Jones, 323 Ark. at 663, 916 S.W.2d at 741. In short, the letter was critical to this court’s analysis, and we found no speedy-trial violation because there was at least some contemporaneous record to demonstrate that the delay was chargeable to the defendant. By stark contrast here, there is no contemporaneous record reflecting that the delay was attributable to the defendant. It is curious to me how the majority can sanction the exclusion of one period without a contemporaneous record in defiance of Rule 28.3, and yet disavow the exclusion of another period when the contemporaneous record demonstrates full compliance with the rule. I dissent. Baker and Wood, JJ., join.