William Bruce TAYLOR *v.* STATE of Arkansas

CR 84-145                                     679 S.W.2d 797

Supreme Court of Arkansas
Opinion delivered November 19, 1984

*John F. Gibson, Jr.,* and *Gary M. Draper,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was convicted of aggravated assault, unauthorized use of a vehicle, terroristic threatening, and attempted second-degree murder and was sentenced to a $1,000 fine and to consecutive prison terms totaling eight years. His only argument for reversal is that the trial judge was wrong in granting the State's request that the voir dire examination of the jury be conducted in chambers, with the public (including the defendant's father) being excluded. Our jurisdiction is under Rule 29 (1) (a).

In principle the case is governed by our holding in *Commercial Printing Co.* v. *Lee, Judge,* 262 Ark. 87, 553 S.W.2d 270 (1977), noted in 31 Ark. L. Rev. 543. There the defendant himself made the request that the voir dire be private. The news media, however, alertly and properly objected to their exclusion and brought the matter to this court for a declaratory decision. We concluded that the

voir dire is an essential step in the trial and relied upon an early statute stating that "[t]he sittings of every court shall be public." Ark. Stat. Ann. § 22-109 (Repl. 1962). Chief Justice Harris's summation left no doubt about the court's position:

> As stated previously, we have only one question before us, viz., was the court's order excluding the public and press from the *voir dire* valid? It is clear by what has been said that we have answered with an emphatic "No!"

The State, in seeking to defend the action of the court below, suggests that although the public and the press may be entitled to insist that criminal trials be open to everyone, the accused himself is not entitled to assert such a First Amendment right. The quick answer is that both the federal and state constitutions guarantee that "the accused shall enjoy the right to a speedy and public trial." U.S. Const., Sixth Amendment; Ark. Const., Art. 2 § 10 (1874). The accused is obviously entitled to assert a constitutional right that is unmistakably for his protection. Prejudice resulting from the exclusion need not be shown. *Sirratt v. State*, 240 Ark. 47, 398 S.W.2d 63 (1966).

Reversed and remanded.