Jimmy Lee ROGERS *v*. STATE of Arkansas

CA CR 98-540                                      989 S.W.2d 568

Court of Appeals of Arkansas
Division III
Opinion delivered May 12, 1999

*Darrel Blount*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant, Jimmy Rogers, was arrested on April 19, 1996, and charged with residential burglary, theft of property, and possession of a scheduled IV controlled substance. He was tried by a jury on September 23, 1997, found guilty of counts I and II, and sentenced to fifteen years at the Arkansas Department of Correction on count I and one year at the Montgomery County Jail on count II, to be served concurrently. At trial, appellant moved to dismiss all charges against him

for the State's failure to comply with his right to a speedy trial. The trial court heard arguments from both parties and denied the motion. Appellant appeals the denial of his motion to this court. We affirm.

■ Appellant brings this appeal under the authority of Ark. R. Crim. P. 28.1, which provides that an accused will be provided the right to a speedy trial. Rule 28 also requires that an accused must be brought to trial within twelve months from the date of his arrest if the accused has been continuously held in custody or on bail since the time of his arrest for the offense charged. *See* Ark. R. Crim. P. 28.1(c) and 28.2(a). Once it has been determined that the trial took place outside the speedy-trial period, the State bears the burden of proving that the delay was legally justified. *Kelch v. Erwin*, 333 Ark. 567, 970 S.W.2d 255 (1998).

In this case, appellant has presented a *prime facie* case for a speedy-trial violation in that he was arrested on April 19, 1996, and was tried 521 days later on September 23, 1997. During trial, he moved for a dismissal of all charges due to the State's failure to bring him to trial within one year of the date of his arrest. The State responded by arguing that the speedy-trial rule should be excused because the trial was delayed from continuances made on behalf of appellant's co-defendant, Robert Klinch, whose case was consolidated with appellant's case before Klinch was brought to trial. Thus, according to the State, the delays caused by Klinch were excusable in regard to the applicable periods of the speedy-trial rule and were imputed to appellant as co-defendant.

■ On appeal, appellant argues that the only time he failed to appear for trial was during his incarceration in the Garland County jail. However, in criminal cases, issues raised must be presented to the trial court to preserve them for appeal. *Strickland v. State*, 331 Ark. 402, 962 S.W.2d 769 (1998). This issue was not presented before the trial court in deciding appellant's motion to dismiss and, therefore, does not warrant our discussion.

Appellant also argues that the trial court erred in denying his motion to dismiss for lack of a speedy trial by relying on the

State's assertion that the speedy-trial rule was not relevant due to the consolidation of his case with that of his accomplice in State v. Robert Klinch, No. 96-32, and that, pursuant to Rule 28.3, an excluded time for purposes of computing time for speedy trial was caused by motions for continuances filed by Klinch and a delay chargeable to him.

■ ■ Here, however, the record shows that appellant was untimely in preserving his argument. The record establishes that on the day of trial, appellant, through his counsel, announced to the trial court that he was ready to proceed with trial. It further reflects that before appellant moved for a dismissal of the charges against him, he participated in the selection of the jury during *voir dire*. In *Taylor v. State*, 284 Ark. 103, 679 S.W.2d 797 (1984), the Court stated that *voir dire* is an essential step in a trial. In *Wilkerson v. State*, 53 Ark. App. 52, 920 S.W.2d 15 (1996) (quoting *Summers v. State*, 292 Ark. 237, 729 S.W.2d 147 (1987)), we stated that "the State has a right to be notified prior to the hearing that a defendant will raise a speedy-hearing objection, and appellant waived his objection by failing to move for dismissal prior to the hearing." Further, in *Summers, supra,* the Arkansas Supreme Court applied to a revocation proceeding Ark. R. Crim. P. 28.1(f), which states that a defendant's failure to move for dismissal of a charge for lack of a speedy trial prior to trial results in a waiver. Therefore, we hold that appellant waived his right to a speedy trial when he failed to move for a dismissal prior to trial. *Hicks v. State*, 305 Ark. 393, 808 S.W.2d 348 (1991).

Affirmed.

BIRD and CRABTREE, JJ., agree.