2012 Ark. App. 552
**Richard Stephen FEDERICK,**
**Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 12–30.**

Court of Appeals of Arkansas.

Oct. 3, 2012.

Hurst, Morrissey & Hurst, PLLC, Hot Springs, by: Q. Byrum Hurst, Jr., for appellant.

Dustin McDaniel, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

CLIFF HOOFMAN, Judge.

Appellant Richard Stephen Federick entered a conditional plea of nolo contendere to one count of sexual indecency with a child, reserving in writing his right to appeal the denial of his motion to dismiss for a speedy-trial violation.[1] He was sentenced to two years' imprisonment and received a four-year suspended imposition of sentence. On appeal, Federick argues that the trial court erred by denying his motion to dismiss on speedy-trial grounds and finding that his prosecution was not barred. We affirm.[2]

---

1. *See* Ark. R.Crim. P. 24.3(b) and 28.1(g) (2011).

2. This case returns to us after we ordered rebriefing in *Federick v. State*, 2012 Ark. App. 401, 2012 WL 2337881, due to docket sheets

On May 27, 2009, Federick was arrested and charged in Garland County with the offense of sexual indecency with a child. His arraignment hearing was scheduled for July 6,|₂2009, and he filed a motion for a continuance of the hearing on July 2, 2009. The motion was granted by the trial court that same day, and the continuance order indicates that the hearing was continued from July 6 to July 13, 2009, and that the days were charged to Federick for speedy-trial purposes.

The jury trial was initially set for November 5, 2009, but on August 10, 2009, Federick filed a motion for a continuance of the trial because his attorney would be out of town. This motion was granted in an order signed on August 14 and entered on August 17, 2009, and the trial court stated that the trial would be continued from November 5 until December 9, 2009, with the time for speedy trial "tolled to the Defendant." On December 8, 2009, Federick requested another continuance, this time due to the unavailability of one of his key witnesses. This continuance was granted by the trial court in an order signed on December 9 and entered on December 10, 2009; although this order states that the speedy-trial time would be charged to Federick, it does not indicate the new trial date or the amount of time to be charged to him. The docket sheets in the addendum, however, as well as a notice of trial entered on December 10, indicate that the trial was rescheduled for April 14, 2010.

On April 12, 2010, Federick entered a plea of not guilty by reason of mental disease or defect, and the trial court entered an order of continuance on April 20, 2010, so that Federick's psychological evaluation could be completed, again charging

the speedy-trial time to the defendant. Federick's forensic evaluation report was filed with the trial court on September 3, 2010, and according to the docket sheets, a hearing on his fitness to proceed was|₃held on September 13, 2010, at which time the trial court declared him competent to stand trial. The trial was reset for February 2, 2011.

The State requested a continuance on January 20, 2011, due to the unavailability of a necessary witness, and the court granted it in an order entered on January 25, 2011, resetting the trial for April 13, 2011. On March 18, 2011, Federick filed a motion to dismiss on speedy-trial grounds, but the State subsequently filed a motion to nol-pros the charges because the offense had actually occurred in Saline County. The nol-pros order was entered on March 31, 2011, so that the case could be transferred to the proper venue.

On April 26, 2011, the charges against Federick were refiled in Saline County Circuit Court, and an amended information was filed on May 6, 2011. Federick filed a second motion to dismiss on May 10, 2011, arguing that 728 days had passed from his date of arrest until the date of his trial set for May 25, 2011, that 319 days had been tolled from the running of the speedy-trial period, and that this resulted in 409 days that he had waited for trial, which was a violation of the 365–day speedy-trial limitation set forth in Ark. R.Crim. P. 28.1. Federick also filed a continuance motion on May 12, 2011, so that his motion to dismiss could be reviewed by the State. The trial court entered an order granting the continuance and resetting the trial for September 13, 2011. The court noted that the period from May 25 to September 13,

that were omitted from the addendum. A supplemental addendum containing these docket sheets has been filed, and we are now

able to address the merits of Federick's appeal.

2011, would be excluded for purposes of speedy trial.

In its response to the motion to dismiss, the State argued that Federick had miscalculated the correct number of days that should be excluded as a result of his request that the original trial date be continued. Although Federick had only excluded the days from the ₄original trial setting of November 2, 2009, until December 9, 2009, a period of 34 days, the State asserted that under Rule 28.3(c), the correct excludable time should be from the date the continuance was granted by the trial court on August 14, 2009, until the new trial date of December 9, 2009, a period of 117 days. The State agreed that 713 days had passed from the date of Federick's arrest until the filing of his motion to dismiss, but contended that 415 days were excluded and that only 298 days of speedy-trial time had thus elapsed.

A hearing was held on Federick's motion to dismiss on June 23, 2011, and the primary issue discussed at the hearing was the correct number of excludable days resulting from his August 2009 motion for continuance. Federick argued that only the actual period of delay in his trial, from November 2 to December 9, 2009, should be counted, as this is the intent of the speedy-trial rule. The trial court agreed with Federick's reasoning, stating that it had interpreted the rule that way in the past. However, the trial court relied upon a case from our supreme court, *Miles v. State*, 348 Ark. 544, 75 S.W.3d 677 (2002), in finding that the State's interpretation, which is that the excludable time runs from the date the continuance is granted until the subsequent date contained in the order or docket entry granting the continuance, was correct. Thus, the trial court found that the scheduled trial date was well within the 365–day speedy-trial period and that Federick's motion to dismiss

should be denied. Federick subsequently entered his conditional plea of nolo contendere on September 20, 2011, reserving his right to appeal the denial of his motion, and he filed a timely notice of appeal. He again argues on appeal that the trial court erred in its interpretation of the speedy-trial rule and in denying his motion to dismiss.

₅Under Ark. R.Crim. P. 28.1, an accused must be brought to trial within twelve months from the date of his arrest if the accused has been continuously held in custody or on bail since the time of his arrest for the offense charged. Ark. R.Crim. P. 28.1(c) and 28.2(a) (2011); *Rogers v. State*, 66 Ark. App. 283, 989 S.W.2d 568 (1999). In calculating the speedy-trial period, necessary periods of delay are excluded as authorized in Ark. R.Crim. P. 28.3 (2011). Once it has been determined that the trial took place outside the speedy-trial period of twelve months, the State bears the burden of proving that the delay was the result of the defendant's conduct or was otherwise legally justified. *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000); *Rogers, supra*. A defendant is entitled to have the charges dismissed with an absolute bar to prosecution if he is not brought to trial within twelve months, excluding such periods of necessary delay authorized in Rule 28.3. Ark. R.Crim. P. 28.1(c).

Both Federick and the State agree that the time period between his arrest on May 27, 2009, and the day his motion to dismiss for a speedy-trial violation was filed on May 10, 2011, is comprised of 713 days. The speedy-trial period was then automatically tolled on the day Federick filed his motion to dismiss, *Gondolfi v. Clinger*, 352 Ark. 156, 98 S.W.3d 812 (2003), although the trial court also specifically excluded this period of time from May 25, 2011, to the trial setting of September 13, 2011, as

Federick had requested another continuance. Thus, the issue on appeal is the proper number of excludable periods of delay under Rule 28.3 that should be subtracted from the applicable time period of 713 days.

 While Federick claims that the only contested period of delay is the continuance granted on August 14, 2009, the State also disagrees with his calculation on another period of delay and further asserts that there is yet another excludable period that Federick fails to mention on appeal. Because this court conducts a de novo review on appeal to determine whether specific periods of time are excludable under the speedy-trial rules, *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007), we discuss each relevant time period separately.

### 1. *July 2, 2009—July 13, 2009*

 On July 2, 2009, Federick filed a motion for a continuance of his arraignment hearing. This motion was granted the same day, and the trial court reset the hearing from July 6, 2009, to July 13, 2009. Federick contends that only 7 days of this period is excludable, and as the State admits, it also used this 7–day calculation at the trial-court level. However, we must determine the correct period of excludable time under our de novo review. *Id.* A motion for a continuance requested by the defendant is governed under Ark. R.Crim. P. 28.3(c), which specifically states that the excluded time period runs from the date a continuance is granted to the subsequent date contained in the order granting the continuance. Therefore, as the State now contends on appeal, 11 days is actually the correct excludable period for this continuance. This is the same issue that was argued in Federick's motion to dismiss, and as will be discussed further below, Rule 28.3(c) does *not* state that it is only

the actual period of delay in the hearing or trial that is excluded when calculating the speedy-trial time.

### 2. *August 10, 2009—December 9, 2009*

On August 10, 2009, Federick filed a motion for a continuance of his trial date, which was granted on August 14, 2009, and the trial court reset his trial from November 5, 2009, to December 9, 2009. Federick argues, as he did in his motion to dismiss, that only 34 days of this period should be excluded, as that was the actual delay caused by his continuance. He contends that this was the intent of the speedy-trial rules and that to interpret Rule 28.3(c) in a different manner would produce an absurd result.

 The State asserts that this argument is not preserved for appeal because he did not challenge the exact number of excludable days at the time the trial court granted his motion for a continuance and indicated that the time would be charged to him. While a defendant must make a contemporaneous objection to an excluded period to preserve a speedy-trial argument related to that time period, *Gondolfi, supra*, the trial court's order here indicated that Federick's trial was being continued from November 5 to December 9, 2009, and that the time would charged to the defendant. There was no indication to Federick from that order that he would be charged with the entire period of time from when his continuance was granted in August 2009. We also note that from the discussion during the hearing on the motion to dismiss, it appears that even the trial court initially agreed with Federick's interpretation of the rule. Because Federick properly raised the issue in his motion to dismiss, we find that his argument is preserved for our review.

 In denying Federick's motion to dismiss, the trial court relied upon *Miles,*

*supra,* wherein the same issue arose. The court in *Miles* found that the trial court had erred and that the correct period of time to be excluded due to a defendant's motion for a continuance under Rule 28.3(c) runs from the date the continuance is granted until the subsequent date specified in the order or docket entry. *Id.* at 551–52, 75 S.W.3d at 681. Furthermore, in *Dodson v. State,* 358 Ark. 372, 191 S.W.3d 511 (2004), our supreme court held that the period between the filing of a motion for continuance and the date it is ruled upon is also excludable under Rule 28.3(a), which governs pretrial motions. Thus, it is clear under the plain language of Rule 28.3(c), as well as our supreme court's interpretation of this rule in *Miles* and *Dodson,* that the excludable period in this case does not run only from the original trial date of November 5, 2009, to the date the trial was reset on December 9, 2009. While Federick encourages this court to overrule *Miles* or limit its holding to that particular case, we may not overrule supreme court precedent, *Roark v. State,* 46 Ark. App. 49, 876 S.W.2d 596 (1994), and the interpretation of Rule 28.3(c) set forth in *Miles* is clearly applicable in this case. Therefore, the State is correct that, at a minimum, 117 days are excludable from this time period.

3. *December 9, 2009—April 14, 2010*

Both Federick and the State agree that this period is properly excluded due to Federick's motion for a continuance. The trial date was reset for April 14, 2010, resulting in an excludable period of 126 days.

4. *April 14, 2010—September 3, 2010*

On April 12, 2010, Federick changed his plea to not guilty by reason of mental disease or defect, and both Federick and the State agree that this resulting period is excludable. Federick is correct,

however, that this period ended on September 3, 2010, when the report from his mental examination was filed with the trial court, not when the competency hearing was held. *Romes v. State,* 356 Ark. 26, 144 S.W.3d 750 (2004). Thus, the correct excludable period here is 142 days.

5. *March 18, 2011—March 31, 2011*

Both Federick and the State agree that this period is properly excluded from the date of Federick's motion to dismiss, filed on March 18, 2011, until the State nol-prossed the charges on March 31, 2011. Therefore, 13 more days must be excluded for this delay.

6. *March 31, 2011—April 26, 2011*

As the State argues, the 26-day period between when it nol-prossed the charges in Garland County for good cause shown on March 31, 2011, until the refiling of the charges in Saline County on April 26, 2011, is also excludable, although Federick does not mention it in his brief. Ark. R.Crim. P. 28.3(f).

When we total the previously listed excludable time periods, we find that at least 435 days must be excluded from the total time period of 713 days that passed between Federick's arrest and his motion to dismiss for a speedy-trial violation. Thus, Federick's speedy-trial rights were not violated, as only 278 days count toward his speedy-trial time, and this is less than the twelve months that the State is given to bring him to trial under Rule 28.1. The trial court was therefore correct in denying Federick's motion to dismiss, and we affirm.

Affirmed.

ABRAMSON and BROWN, JJ., agree.